UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KIM CLAYTON PERRY, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 07-1794 (ESH) |
| ) | |
| DISCOVER BANK, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Kim Clayton Perry and Jacob Franz Dyck, proceeding *pro se*, have brought this action against a number of individuals, banks, and financial service companies located in Delaware, Florida, and North Carolina.[1]  Although it is not entirely clear from the complaint, plaintiffs' claims appear to concern certain trust property in Florida.  Plaintiffs identify themselves as grantor to and trustee of Mary's Fish Camp Trust, residing at 8092 Mary's Fish Camp Road, Weeki Wachee, Florida (Compl. at 1-2), and allege that Mr. Perry holds a federal land patent to the property at issue which was given to him by the Federal Land Patent Office.  (*Id.* at 35.)[2]

---

[1]The same day this action was filed, plaintiffs filed the identical complaint against a different set of defendants, all of whom are individuals located in Florida.  *See Perry, et al. v. Gray, et al.*, No. 07-1795 (D.D.C.).  That action is the subject of a separate dismissal order issued this same date.

[2]Plaintiffs also attach to their complaint two versions of a note concerning property in Moreau, New York, in which Robert R. Syversen agreed to pay $102,000 to HSBC Mortgage Corporation in return for a loan he received from HSBC.  (Compl., Ex. B.)  Plaintiffs appear to allege that this note was altered (*id.* at 60); however, neither of the parties to the note is a party to this action, and there are no allegations connecting the parties to this action to the note.

The nature of plaintiffs' claims concerning this trust property, however, is impossible to discern. Despite its length (62 pages), the complaint contains few factual allegations, instead consisting primarily of statements of law and case citations. In particular, the complaint is devoid of any allegations concerning the defendants or any action taken by them, individually or collectively. At one point, plaintiffs allude to efforts by an unspecified county or county health department to "harass the property without provocation or reason" (*id.* at 4), but they do not identify what the allegedly harassing conduct consisted of, and no county or county official is a defendant in this action in any event. Elsewhere in the complaint, plaintiffs allege that defendants violated their rights "through egregi[]ous schemes and torts to steal the property of the Plaintiffs" and engaged in a "conspiracy to defraud the Plaintiffs of their rights," in violation of certain unspecified treaties. (*Id.* at 35-36.) Here again, however, plaintiffs do not say what the alleged "schemes," "torts," or "conspiracy" consisted of and do not allege any facts regarding any defendant's involvement in any such wrongdoing.

The Court may dismiss a complaint *sua sponte* pursuant to Federal Rule of Civil Procedure 12(b)(6), prior to service and without providing the plaintiff with notice or an opportunity to respond, where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged in the complaint. *Baker v. Director, U.S. Parole Comm'n*, 916 F.2d 725, 726-27 (D.C. Cir. 1990); *see also Tate v. Burke*, 131 F.R.D. 363, 365 (D.D.C. 1990) (dismissing *pro se* complaint *sua sponte* where the complaint made clear that there was "indisputedly no factual and legal basis for the asserted wrong"). That is plainly the case here. Plaintiffs' complaint provides no factual or legal basis for alleged wrongdoing by defendants, and the complaint will therefore be dismissed without prejudice. *Cf. Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983)

(complaint must include "general allegations sufficient to give adequate notice of the alleged unlawful acts which form the basis of . . . plaintiffs' claims").

The Court also notes that dismissal would be appropriate under 28 U.S.C. § 1406(a) because it is clear from the complaint that venue is not proper in this judicial district.  Under 28 U.S.C. § 1391(b),

> [a] civil action wherein jurisdiction is not founded solely on diversity of citizenship[3] may . . . be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

None of the defendants resides in this district - - indeed, it is questionable whether the Court would have personal jurisdiction over any of the defendants, all of whom are located in Delaware, Florida, and North Carolina.  Moreover, plaintiffs identify no event or omission that occurred here, and the property that appears to be the subject of litigation is located in Florida.  As a result, venue is not proper here, and dismissal is appropriate for this reason as well.  *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

For the foregoing reasons, it is hereby

**ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

---

[3]Because plaintiffs and certain of the defendants reside in Florida, there is no diversity jurisdiction in this case.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: October 15, 2007